IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND and its Trustees | § § § | |
| vs. | § § | CIVIL ACTION No. SA 08 CA 0995-OG |
| J-K ELECTRIC, INC. | § § | |

## CERTIFICATION OF FACTS AND RECOMMENDATION

**TO:** Honorable Orlando Garcia
United States District Judge

The purpose of this report is to certify facts regarding contempt and to recommend a contempt proceeding. I have authority to enter this order pursuant to 28 U.S.C. § 636(e)(6)(B)[1] and the district court's order of referral.[2] I certify the following facts which constitute civil contempt of court.

**Certified findings of fact**:

a. The plaintiffs—National Electrical Benefit Fund and its trustees—filed this case on December 10, 2008, against defendant J-K Electric, Inc., seeking performance of certain statutory and contractual obligations and damages in the form of delinquent contribution payments, liquidated damages, interest, and attorney's fees.[3]

---

[1] See 28 U.S.C. § 636(e)(6)(B)(iii) (providing that upon the commission of an act of civil contempt, the magistrate judge shall "certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question . . . an order requiring such person to appear before a district judge . . . to show cause why that person should not be adjudged in contempt by reason of the facts so certified.").

[2] Docket entry # 16.

[3] Docket entry # 1.

b. After the defendant failed to answer or otherwise appear, the district judge entered an interlocutory default judgment—on February 13, 2009.[4] The judgment entitles the plaintiffs to the principal amount of contributions, prejudgment interest, and statutory damages—an amount to be determined by discovery.

c. The plaintiffs served the defendant—through its president, Joel Hollembeak—with interrogatories in order to obtain the information needed to calculate its damages and recover on its judgment.[5] Neither the defendant nor Hollembeak responded to the interrogatories.[6] The plaintiffs then asked the district judge to compel the defendant and Hollembeak to answer the interrogatories.[7]

d. On May 26, 2009, the district judge granted the motion to compel and directed the defendant and Hollembeak to answer the interrogatories.[8] The district judge's order was served on the defendant and Hollembeak on June 5, 2009.[9] Neither the defendant nor Hollembeak responded to the interrogatories.[10]

e. The plaintiffs then moved for sanctions and asked the district judge to hold the defendant and Hollembeak in contempt for failing to comply with the order compelling responses

---

[4]Docket entry # 11.

[5]Docket entry # 12, attached requests for admissions and interrogatories.

[6]Docket entry # 12.

[7]Docket entry # 12.

[8]Docket entry # 13.

[9]*See* docket entry # 20 (service on Hollembeak) & # 21 (Hollembeak as the defendant's president).

[10]Docket entry # 14.

to the interrogatories.[11] The district judge referred the case to the undersigned magistrate judge.[12]

f. I first directed the defendant and Hollembeak to serve its responses on the plaintiffs by September 4, 2009.[13] I also ordered the defendant and Hollembeak to appear before the undersigned on September 11, 2009, for the purpose of determining a reasonable attorney's fee to assess against the defendant for its failure to comply with the order compelling responses to the plaintiffs' interrogatories.[14] I instructed the defendant and Hollembeak that I would consider the motion for sanctions at the September 11, 2009 hearing if they did not respond to the interrogatories.[15] My order directing responses and setting the hearing was served on the defendant and Joel Hollembeak on August 21, 2009.[16]

g. I held the hearing on the motion for sanctions on September 11, 2009. Counsel for the plaintiffs appeared, but no one appeared on behalf of the defendant. Hollembeak did not appear.

h. During the hearing, the plaintiffs' attorney testified that neither the defendant nor Hollembeak had responded to the interrogatories. The attorney also presented evidence about attorney's fees and expenses incurred to obtain responses to the interrogatories.

j. After considering the plaintiffs' evidence, I find that the defendant failed to comply

---

[11] Docket entry # 14.

[12] Docket entry # 15.

[13] Docket entry # 16.

[14] *Id.*

[15] *Id.*

[16] *See* docket entry # 18 (service on Hollembeak) & # 19 (Hollembeak as the defendant's president).

with my order directing responses to the interrogatories for two reasons: (1) The defendant did not respond to the plaintiffs' interrogatories; (2) Neither the defendant nor Hollembeak appeared at the September 11, 2009 hearing.

k. I also find that the defendant failed to comply with the district judge's order compelling responses to the interrogatories.

l. I find that the plaintiffs have been harmed by the defendant's non-compliance with the court's orders because the defendants have not produced information needed for calculating the plaintiffs' damages. As a result, the non-compliance has prevented entry of a final judgment.

m. I find that the plaintiffs incurred reasonable and necessary attorneys fees and expenses—in the amount of $3,889.93—in attempting to obtain responses to its interrogatories from the defendant.

**Recommended conclusions of law**: Defendant has committed civil contempt of court by failing to obey the district court's order compelling responses to the interrogatories and failing to obey my order to the same effect.[17] Hollembeak as the defendant's president has committed civil contempt for the same reasons.

**Recommendation**: I recommend that the district court enter an order requiring the defendant and Hollembeak to appear before the district court on a specified date to show cause why each should not be held in civil contempt for the reasons discussed in this order. I also recommend warning the defendant and Hollembeak that failing to appear may also serve as the

---

[17]*See Martin v. Trinity Indus.*, 959 F.2d 45, 47 (5th Cir. 1992) ("Contempt is committed . . . if a person violates a court order requiring in specific and definite language that a person do . . . an act."); *SEC v. First Fin. Group of Tex.*, 659 F.2d 660, 669 (5th Cir. 1981) ("A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.").

basis for holding the defendant and Hollembeak in criminal contempt.[18] If the defendant and Hollembeak fail to appear, I recommend issuing a writ of attachment directing the U.S. Marshal to attach Hollembeak as the defendant's president and bring him immediately before the district judge to answer for civil and criminal contempt and to hold Hollembeak in custody until he complies with the court's orders. I also recommend an award of attorney's fees and costs in favor of the plaintiffs in the amount of $3,889.93. If the court accepts these recommendations, it should grant the plaintiffs' motion for sanctions (docket entry # 14).

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[19] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and

---

[18]To hold a person in criminal contempt, the district court must "give the person notice in open court, in an order to show cause, or in an arrest order. The notice must: (A) state the time and place of the trial; (B) allow the defendant a reasonable time to prepare a defense; and (C) state the essential facts constituting the charged criminal contempt and describe it as such." Fed. R. Crim. P. 42.

[19]28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[20] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[21]

**SIGNED** on September 23, 2009.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[20] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[21] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).